IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANDREA J. CLARE, individually, | ) | |
| | ) | No.  38603-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN CLARE, individually, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

KORSMO, J.[*] — One does not "intercept" an e-mail by reading a previously opened

message stored on someone else's e-mail account.  Accordingly, we affirm the trial

court's dismissal of this claim at summary judgment.

FACTS AND PROCEDURE

This is the most recent[1] appeal arising from the acrimonious dissolution of the

marriage of appellant Andrea Clare and respondent Kevin Clare.[2]  The facts necessary to

the resolution of this case are not in dispute.  On one occasion in December 2015, Kevin

used Andrea's telephone while she was sleeping to access her office e-mail account.  He

---

[*] Judge Kevin M. Korsmo is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1] *See In re Marriage of Clare*, No. 36814-9-III (Wash. Ct. App. Dec. 28, 2021); *Clare v. Clare*, No. 38102-1-III (Wash. Ct. App. Mar. 8, 2022); *Clare v. Telquist, et al.*, 20 Wn. App. 2d 671, 501 P.3d 167 (2021).

[2] For purposes of clarity, we occasionally refer to the parties by their first name.

forwarded several of her messages to his personal e-mail account. Kevin also admitted

that in April 2016 he viewed previously opened text messages stored on her phone.

Andrea filed this tort action against Kevin, alleging that he violated her right to

privacy under RCW 9.73.030, the "Washington Privacy Act," by intercepting her e-mails.

Kevin eventually moved for summary judgment, arguing that his actions did not violate

the statute. The trial court agreed with that position, writing:

> Here, the viewing of the texts and emails and the subsequent forwarding of
> the e-mails is not the activity defined by caselaw as an "intercept." Merely
> reading a private email or text is not activity prohibited by the statute.
> Forwarding an email to a private account likewise is not within the purview
> of the term "intercept." While Mr. Clare's conduct may be unsavory and
> insulting to Ms. Clare's privacy, it was not unlawful under the Washington
> Privacy Act as it exists today.

Clerk's Papers at 142.

Ms. Clare timely appealed from the order granting summary judgment. This court

considered the appeal without conducting argument.

ANALYSIS

The sole issue[3] that we need to address is the propriety of the trial court's legal

conclusion that the facts do not establish a violation of the Privacy Act. We agree with

the trial judge's construction of the statute.

---

[3] Appellant also argues that the trial court erred by excluding a declaration from
her expert identifying an instance of unauthorized access to her work e-mail account. We
need not discuss this argument in light of our conclusion that the statute was not violated.

2

We review a trial court's summary judgment ruling de novo, performing the same inquiry as the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The facts, and all reasonable inferences to be drawn from them, are viewed in the light most favorable to the nonmoving party. *Id*. If there is no genuine issue of material fact, summary judgment will be granted if the moving party is entitled to judgment as a matter of law. *Id*.

In relevant part, RCW 9.73.030(1)(a) provides that "it shall be unlawful for any individual . . . to intercept, or record any . . . [p]rivate communication . . . without first obtaining the consent of all the participants." Violation of this provision may subject a person to both civil and criminal liability. RCW 9.73.060, .080.

Does one "intercept" a previously read message when it is read on a storage device? The word "intercept" is not defined in the statute, so it is appropriate to consider the common dictionary definition for the word. *State v. Christensen*, 153 Wn.2d 186, 195, 102 P.3d 789 (2004). The Washington Supreme Court applied a dictionary definition of "intercept" to this statute in *State v. Roden*, 179 Wn.2d 893, 904, 321 P.3d 1183 (2014). *Roden* determined that interception is to "'stop . . . before arrival . . . or interrupt the progress or course.'" *Id*. (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1176 (2002)). Thus, messages were intercepted if they were read before the intended recipient had done so. *Id*. at 905. The court concluded that an officer violated the act by reading unopened text message discovered on an arrestee's telephone. *Id*. at

3

899-900. The court declined to consider whether viewing previously read messages also violated the act. *Id.* at 906.

Despite that disclaimer, Division One of this court applied the *Roden* definition and concluded that a husband was not civilly liable for reading stored e-mails and text messages between his wife and another man. *Allen v. Zonis*, No. 76768-2-I, (Wash. Ct. App. Dec. 24, 2018) (unpublished), http://www.courts.wa.gov/opinions /pdf/767682.pdf.[4] In light of *Roden*'s definition of "intercept," Division One's conclusion was totally appropriate. One simply cannot stop a message that has already arrived, and the reading of a stored message simply does not "interrupt the progress or course" of the mailing. *Roden*, 179 Wn.2d at 904. Under *Roden*'s logic, a message that has been received and read simply cannot be intercepted. It has already arrived at its destination without interruption.

This approach is consistent with that taken in one of the oldest remaining portions of the Privacy Act, RCW 9.73.020.[5] That statute makes it a misdemeanor for anyone "to open or read . . . any *sealed* message, letter or telegram intended for another person." (Emphasis added.) The legislature did not extend the protection to all letters or messages, but only to those that had not been opened.

---

[4] Unpublished opinions of this court may be cited as nonbinding authority. GR 14.1.

[5] LAWS OF 1909, ch. 249, § 411.

4

A message that was received without interference and was read by the intended recipient cannot be intercepted by subsequent actions taken by other people. The trial court correctly concluded that Kevin Clare did not intercept Andrea Clare's e-mail and text messages by reading them after she did.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.P.T.

WE CONCUR:

Lawrence-Berrey, J.

Siddoway, C.J.

5